IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID E. BAGLEY,

           **Plaintiff,**

    **vs.**                                    **Civil Action 2:14-cv-346**
                                                        **Judge Frost**
                                                        **Magistrate Judge King**

COMMISSIONER OF SOCIAL SECURITY,

           **Defendant.**

## REPORT AND RECOMMENDATION

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income. This matter is now before the Court on *Plaintiff David E. Bagley's Statement of Specific Errors* ("*Statement of Errors*"), Doc. No. 14, the *Defendant's Memorandum in Opposition* ("*Commissioner's Response*"), Doc. No. 18, and *Plaintiff's Reply*, Doc. No. 19.

## I.  Background

Plaintiff David E. Bagley filed his application for a period of disability and disability insurance benefits on October 7, 2008, and his application for supplemental security income on October 15, 2008, alleging that he has been disabled since November 15, 2006. *PAGEID* 280-86. The claims were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on December 3, 2010, at which plaintiff, represented by counsel, appeared and testified, as did Hermona C. Robinson, Ph.D., who testified as a vocational expert. *PAGEID* 107-45.  In a decision dated December 23, 2010, Administrative Law Judge Jerry Faust concluded that plaintiff was not disabled from November 15, 2006, through the date of the administrative decision. *PAGEID* 153-65.  Plaintiff asked the Appeals Council to review the decision, and, on June 28, 2012, the Appeals Council vacated the December 23, 2010 decision and remanded the matter for further consideration.  *PAGEID* 173-75.

A second administrative hearing was held on November 1, 2012, at which plaintiff, represented by counsel, appeared and testified, as did Lynne M. Kaufman, M.S., who testified as a vocational expert. *PAGEID* 46, 69-106.  In a decision dated December 11, 2012, the administrative law judge concluded that plaintiff was not disabled from November 15, 2006, through the date of the administrative decision.  *PAGEID* 46-61.  That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on February 26, 2014.  *PAGEID* 34-36.

Plaintiff was 49 years of age on the date of the administrative law judge's December 11, 2012 decision.  *See PAGEID* 61, 280.  He has a limited education, is able to communicate in English, and has past relevant work as a horticultural worker and insulation installer. *PAGEID* 46.  Plaintiff was last insured for disability insurance purposes on December 31, 2011.  *PAGEID* 49.  He has not engaged in

2

substantial gainful activity since November 15, 2006, his alleged date of onset of disability.  *Id*.

## II.  Administrative Decision

The administrative law judge found that plaintiff's severe impairments consist of "a seizure disorder; status post traumatic brain injury; lumbar spondylosis; an anxiety disorder; and alcoholism." *PAGEID* 49.  The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to

> lift and carry 20 pounds occasionally and 10 pounds frequently.  He could sit, with normal breaks, for a total of 6 of 8 hours per workday.  He could stand and/or walk, with normal breaks, for a total of 6 of 8 hours per workday.  He is able to use his extremities to push and pull without limitations, within the weight and frequency restrictions circumscribing his capacity for lifting and carrying.  The claimant can never climb ladders, ropes or scaffolds and must avoid exposure to hazards, such as unprotected heights, dangerous machinery and commercial driving.  The claimant is limited to simple, routine tasks without fast-paced production quotas in a work environment where duties are relatively static and changes can be explained.  The claimant could only have superficial interaction with others.

*PAGEID* 50-53.  Although this RFC precludes the performance of plaintiff's past relevant work as a horticultural worker and insulation installer, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is nevertheless able to perform a significant number of jobs in the national economy, including such jobs as garment sorter, marker, and packer.  *PAGEID* 60-61.  Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the

3

Social Security Act from November 15, 2006, through the date of the administrative decision. *PAGEID* 61.

## III. Discussion

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

In his *Statement of Errors*, plaintiff contends, *inter alia*,

4

that the administrative law judge improperly evaluated the medical evidence of record.  Although plaintiff specifically argues that the administrative law judge erred in evaluating the opinions of a number of medical experts, *see Statement of Errors*, pp. 8-17, 21-22, the Court concludes that the matter must be remanded for further consideration of the opinions of Alex Simpson, D.O.

Dr. Simpson consultatively evaluated plaintiff on September 15, 2012. *PAGEID* 653-68.  Plaintiff reported that he could sit for 30 minutes, stand for 45 minutes, walk three blocks, and lift and carry two to three pounds occasionally. *PAGEID* 654.  Upon examination, plaintiff was alert, had good eye contact, fluent speech, appropriate mood, and clear thought processes. *PAGEID* 655-56.  Plaintiff was oriented to time, place, person, and situation; his memory was normal, and his concentration was good. *Id.*  Plaintiff had a slow, symmetric, and steady gait and he walked without an assistive device. *PAGEID* 656.  Plaintiff was able to lift, carry and handle light objects; rise from a seated position with ease; and squat and rise without difficulty. *PAGEID* 656-57.  Plaintiff had 5/5 motor strength testing of all muscle groups in his bilateral upper and lower extremities, and he had full range of motion of the cervical spine, upper and lower extremities, and lumbar spine. *PAGEID* 657.  Plaintiff did not display any significant cognitive deficits during the examination. *Id.*  Dr. Simpson opined that plaintiff

> can be expected to sit, stand and walk normally in an
> eight-hour workday with normal breaks.  [Plaintiff] does
> not need an assistive devise with regards to short and long

5

distances and uneven terrain. [Plaintiff] has mild limitations with lifting and carrying weight due to dizziness and headaches. There are mild limitations on bending, stooping, crouching, squatting and so on and [plaintiff] will be able to perform these occasionally secondary to dizziness, headaches, and back pain. There are no manipulative limitations on reaching, handling, feeling, grasping, fingering and [plaintiff] will be able to perform these frequently. There are some relevant work place environmental limitations relating to history of seizures. There are no relevant visual or communicative limitations.

*PAGEID* 557-58.

Dr. Simpson also completed a medical source statement on September 15, 2012. *PAGEID* 663-68. According to Dr. Simpson, plaintiff would be limited to only occasional lifting and carrying of no more than 10 pounds because of headaches and back pain. *PAGEID* 663. Plaintiff could sit for two hours without interruption, for a total of seven hours in an eight-hour workday, could stand for a total of one hour and could walk for a total of one hour in an eight-hour workday. *PAGEID* 664. Plaintiff could frequently reach overhead but only occasionally operate foot controls, bilaterally. *PAGEID* 665. Plaintiff could occasionally balance but could never climb stairs and ramps, climb ladders or scaffolds, stoop, kneel, crouch, or crawl. *PAGEID* 666. Plaintiff could occasionally tolerate exposure to humidity, wetness, dust, odors, fumes, and pulmonary irritants, but could never work around unprotected heights, extreme cold, extreme heat, or vibrations, nor could he work with moving mechanical parts or operate a motor vehicle. *PAGEID* 667. Dr. Simpson expected these limitations to last for 12 consecutive months. *PAGEID* 668.

An administrative law judge is required to evaluate every medical opinion, regardless of its source.  20 C.F.R. §§ 404. 1527(c); 416.927(c).  However, not every medical opinion is treated equally; the Commissioner's regulations describe three classifications of acceptable medical opinions: (1) nonexamining sources;[1] (2) nontreating sources (or examining sources); and (3) treating sources.[2]  As a one-time consultative examiner, Dr. Simpson is properly classified as a nontreating source.  *See* 20 C.F.R. §§ 404. 1502, 416.902 ("Nontreating source means a physician, psychologist, or other acceptable medical source who has examined [the claimant] but does not have, or did not have, an ongoing treatment relationship with [the claimant].").

The opinion of a treating source is entitled to the most weight; if an administrative law judge does not give "controlling weight" to the medical opinion of a treating source, he must provide "good reasons" for discounting the opinion.  *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5); *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010).  "However, this requirement only applies to *treating* sources."  *Ealy*, 594 F.3d at 514 (citing *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007)(emphasis in original)).  In considering the opinion of a nontreating source, such as Dr. Simpson,

---

[1] A nonexamining source is "a physician, psychologist, or other acceptable medical source who has not examined [the claimant] but provides a medical or other opinion in [the claimant's] case."  20 C.F.R. §§ 404.1502, 416.902.
[2] A treating source is the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]."  *Id*.

7

"the agency will simply '[g]enerally [] give more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined'[the claimant]." *Id.* (quoting 20 C.F.R. § 404.1527(d)(1)). *See also Smith*, 482 F.3d at 875. In determining the weight to be given to the opinion of a nontreating source, an administrative law judge should still "consider factors including the length and nature of the treatment relationship, the evidence that the physician offered in support of her opinion, how consistent the opinion is with the record as a whole, and whether the physician was practicing in her specialty." *Ealy*, 594 F.3d at 514 (citing 20 C.F.R. § 404.1527(d)).

In the case presently before the Court, the administrative law judge considered Dr. Simpson's opinion as follows:

> The undersigned affords some weight to the opinion of consultative examiner Alex Simpson, D.O., evidenced at Exhibit 27F. Dr. Simpson opined the claimant could be expected to sit, stand, and walk normally in an eight-hour day with normal breaks, the claimant did not need an assistive device with regards to short distances, long distances, or uneven terrain, he had mild limitations with lifting and carrying weight, can occasionally bend, stoop, crouch, and squat, and he has no manipulative limitations. The undersigned gives this opinion weight because it is consistent with the longitudinal medical evidence of record and the other credible opinion evidence on record.

*PAGEID* 59.

Plaintiff argues that the administrative law erred in evaluating Dr. Simpson's opinion by either (1) not considering Dr. Simpson's medical source statement, or (2) adopting the limitations found in Dr. Simpson's narrative report without addressing and

8

resolving the inconsistencies between his narrative report and medical source statement.  *Statement of Errors*, pp. 21-22.

The Commissioner acknowledges that Dr. Simpson's narrative report is "completely at odds" with his medical source statement. *Commissioner's Response*, p. 12.  The Commissioner argues that the administrative law judge gave "great weight" to Dr. Simpson's narrative report, but "gave no weight" to Dr. Simpson's medical source statement because "it was inconsistent with the more specific report Dr. Simpson authored."  *Id.* at pp. 11-12.  The Commissioner also argues that Dr. Simpson "did not actually attribute the inconsistent [medical source statement] to Mr. Bagley at all; the name David Bagley was written on Tr. 630 by someone other than Dr. Simpson (compare to his handwriting at Tr. 625-629 and Tr. 635), and may very well have been a mistake."  *Commissioner's Response*, p. 12.  The Commissioner's arguments are not well taken.

Dr. Simpson's narrative report and medical source statement are both found in Exhibit 27F, which the administrative law judge cited in evaluating Dr. Simpson's opinion.  *See PAGIED* 59.  Yet Dr. Simpson's narrative report and medical source statement are, in the Commissioner's own words, "completely at odds" with each other. Whereas the narrative provides that plaintiff "can be expected to sit, stand and walk normally in an eight-hour workday with normal breaks," Dr. Simpson's medical source statement opines that, at one time without interruption, plaintiff could sit for only two hours, stand for only one hour, and walk for only one hour.  *PAGEID* 557, 664.  This

9

medical source statement also indicates that, in Dr. Simpson's opinion, plaintiff would be able to sit for a total of seven hours in an eight-hour workday, stand for a total of one hour in an eight-hour workday, and walk for a total of one hour in an eight-hour workday. *PAGEID* 664.  While the narrative provides that plaintiff "has mild limitations with lifting and carrying weight due to dizziness and headaches," the medical source statement provides that plaintiff can occasionally lift and carry no more than 10 pounds as a result of plaintiff's headaches and back pain.  *PAGEID* 657, 663.  The narrative provides in general terms that "[t]here are some relevant work place environmental limitations relating to history of seizures;" however, the medical source statement specifically provides that plaintiff could only occasionally balance; never climb stairs and ramps, climb ladders or scaffolds, stoop, kneel, crouch, or crawl; only occasionally tolerate exposure to humidity, wetness, dust, odors, fumes, and pulmonary irritants; and could never tolerate unprotected heights or moving mechanical parts, operate a motor vehicle, or work around extreme cold, extreme heat, or vibrations.  *PAGEID* 658, 666-67.

The administrative law judge adopted "the opinion of consultative examiner Alex Simpson, D.O., evidenced at Exhibit 27F." *PAGEID* 59.  In doing so, the administrative law judge noted the limitations found in Dr. Simpson's narrative report and found that the limitations were "consistent with the longitudinal medical evidence of record and the other credible opinion evidence on record." *Id*.  The administrative law judge failed, however, to even mention Dr.

10

Simpson's medical source statement, and he did not discuss or resolve the significant inconsistencies between the narrative report and medical source statement.

The Commissioner argues that the administrative law judge "reasonably gave no weight to" Dr. Simpson's medical source statement because it was inconsistent with the narrative report. *Commissioner's Response*, p. 12. The administrative law judge did not, however, expressly assign "no weight" to Dr. Simpson's medical source statement, nor is there any indication whatsoever that he even considered the inconsistencies between Dr. Simpson's narrative and medical source statement. In fact, the administrative law judge cited the entirety of Exhibit 27F, which includes both Dr. Simpson's narrative report and medical source statement, and gave to the entire exhibit "weight because it is consistent with the longitudinal medical evidence of record and the other credible opinion evidence of record." *PAGEID* 59.

It is not apparent from the record that the administrative law judge considered Dr. Simpson's medical source statement in forming plaintiff's RFC. To the extent that the administrative law judge did, he materially misrepresented the opinion by suggesting that the medical source statement was consistent with Dr. Simpson's narrative report.

The Court also finds unavailing the Commissioner's argument that Dr. Simpson's medical source statement was completed by someone other than Dr. Simpson "and may very well have been a mistake." Dr.

11

Simpson's medical source statement identifies plaintiff by name and social security number, bears the same date as Dr. Simpson's evaluation of plaintiff and Dr. Simpson's narrative report, is signed, and reflects Dr. Simpson's name and credentials. *See PAGEID* 663-68. In failing to separately discuss Dr. Simpson's medical source statement, the administrative law judge did not, apparently, find that the statement was not appropriately attributable to Dr. Simpson

Under these circumstances, the Court concludes that the matter must be remanded for further consideration of the opinions of Dr. Simpson. Having concluded that this action must be remanded on this basis, the Court need not and does not address plaintiff's remaining arguments.

It is accordingly **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** to the Commissioner of Social Security for further consideration of Dr. Simpson's opinion.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


December 8, 2014                          *s/Norah McCann King*
                                         Norah MᶜCann King
                                         United States Magistrate Judge